Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **CARMEN G. COLON ALBINO**<br><br>Parte peticionaria<br><br><br>v.<br><br><br>**EFRAIN NAZARIO CINTRON Y OTROS**<br><br>Parte recurrida | **TA2026CE00505** | *CERTIORARI*<br>procedente del Tribunal de Primera Instancia Sala Superior de **Mayagüez**<br><br>Caso Número:<br>**MZ2025CV00540**<br>Salón 307<br><br>Sobre:<br>Despido Injustificado (Ley Núm. 80) y otros |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Pérez Ocasio, Juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de mayo de 2026.

Comparece ante nos, Carmen Colón Albino, en adelante, Colón Albino o peticionaria, solicitando que revisemos la *"Resolución Requerimiento de Admisiones"* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, en adelante, TPI-Mayagüez, el 16 de abril de 2026. En la misma, el Foro Primario dio por admitido el requerimiento de admisiones cursado por Efraín Nazario Cintrón, en adelante, Nazario Cintrón o recurrido.

Por los fundamentos que expondremos a continuación, *expedimos* el recurso solicitado y *revocamos* el dictamen recurrido.

**I.**

El 1 de abril de 2025, la peticionaria presentó una *"Querella"* de naturaleza laboral contra Nazario Cintrón, por la vía sumaria, al amparo de varios estatutos.[1] El 9 de abril de 2025, el recurrido presentó su *"Contestación a la Querella y Solicitud de*

---

[1] SUMAC, Entrada Núm. 1.

*Desestimación".*[2] Al día siguiente, el TPI-Mayagüez ordenó a Colón Albino a responder a la solicitud de desestimación en un periodo de veinte (20) días.[3]

Luego de atender la oposición de la peticionaria, el Foro Primario emitió una *"Resolución"* el 16 de junio de 2025 declarando *"No Ha Lugar"* la petición de desestimación del recurrido.[4]

Luego de varios asuntos procesales que no requieren ser reseñados, incluyendo una petición de *certiorari* elevada a esta Curia,[5] comenzó el descubrimiento de prueba. Como parte de ello, el 26 de febrero de 2026, Nazario Cintrón solicitó de la peticionaria un requerimiento de admisiones y documentos.

El 5 de marzo de 2026, la peticionaria solicitó una prórroga de cuarenta (40) días para producir la documentación necesaria y contestar el requerimiento de admisiones.[6] El tribunal *a quo* le concedió una prórroga de treinta (30) días.[7]

No habiendo respondido en el término concedido, el 9 de abril de 2026, el recurrido solicitó al TPI-Mayagüez que se diera por admitido el requerimiento de admisiones, y se desestime la querella.[8] El 14 de abril de 2026, Colón Albino se opuso a esto mediante escrito ante el Foro Recurrido.[9] En el mismo, anejó su contestación al requerimiento.

Por su parte, Nazario Cintrón presentó una réplica ese mismo día, en el que adujo que la contestación al requerimiento era tardía.[10] Así, el 16 de abril de 2026, el Foro Primario emitió la resolución recurrida, dando por admitido el requerimiento de admisiones cursado a Colón Albino.[11]

---

[2] SUMAC, Entrada Núm. 10.
[3] SUMAC, Entrada Núm. 13.
[4] SUMAC, Entrada Núm. 28.
[5] TA2025CE00060.
[6] SUMAC, Entrada Núm. 45.
[7] SUMAC, Entrada Núm. 46.
[8] SUMAC, Entrada Núm. 50.
[9] SUMAC, Entrada Núm. 52.
[10] SUMAC, Entrada Núm. 56.
[11] SUMAC, Entrada Núm. 57.

Inconforme, el 24 de abril de 2026, la peticionaria radicó una *"Moción Solicitando Paralización de Procedimientos en Auxilio de Jurisdicción"* y el presente recurso ante esta Curia. En su petición de auxilio, solicitó que paralizáramos todos los procesos ante el TPI-Mayagüez, hasta tanto se atendiera el recurso de *certiorari*. En este último, Colón Albino señaló los siguientes errores:

> **PRIMER ERROR:** Incidió en grave error el TPI cuando obvió lo resuelto por el Tribunal Supremo de Puerto con respecto a los principios rectores en la consideración de una moción dispositiva al amparo de la Regla 33 de las de Procedimiento Civil de 2009 (32 LPRA Ap. V, R. 33). En específico lo resuelto en los casos: *Audiovisual Lang. v. Sist. Est. Natal Hnos*, 144 DPR 563 (1997); *Pérez Cruz v. Fernández*, 101 DPR 365, 373 (1973); *Rosado v. Tribunal Superior*, 94 DPR 122, 132-133 (1967), *Menéndez García v. Tribunal*, 101 DPR 667 (1973), y *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253 (2021).
>
> **SEGUNDO ERROR:** ERRÓ EL TPI al acoger una solicitud de la querellada para que se decretara como admitido un pliego de requerimiento de documentos y admisiones, a pesar de que en el mismo se solicitaba que se contestaran antes de llevarse a efecto la deposición de la querellante. Deposición que se había fijado, por acuerdo de los representantes legales, para el 22 de mayo de 2026.

El 24 de abril de 2026, emitimos una *"Resolución"* concediéndole hasta el 27 de abril de 2026 a la parte recurrida para expresarse referente a la petición en auxilio de jurisdicción, y hasta el 4 de mayo de 2026, para presentar su oposición a la expedición del recurso. El 27 de abril de 2026, Nazario Cintrón se opuso a la solicitud de paralización de la peticionaria. Por ello, ese mismo día, declaramos la misma *"No Ha Lugar"*.

Perfeccionado el recurso de autos, procedemos a expresarnos.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una

decisión de un tribunal inferior. *Allio v. Santiago Chardón,* 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en ***cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia***. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> [. . .]
>
> (Énfasis suplido).

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de

familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen **evitaría un irremediable fracaso de la justicia,** entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
> 
> > (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> > 
> > (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> > 
> > (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> > 
> > (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> > 
> > (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa
no causa un fraccionamiento indebido del pleito y una
dilación indeseable en la solución final del litigio.

(G) ***Si la expedición del auto o de la orden de
mostrar causa evita un fracaso de la justicia***.

*In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63; *Allio v.
Santiago Chardón*, supra; *BPPR v. SLG Gómez-López*, 213
DPR 314, 337 (2023).
(Énfasis suplido).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, ***salvo que se demuestre que hubo un craso abuso de discreción***, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). (Énfasis suplido).

**B. Requerimiento de Admisiones**

El procedimiento para llevar a cabo el descubrimiento de prueba está regido por las Reglas de Procedimiento Civil de Puerto Rico, *supra*. El "descubrimiento de prueba es 'la médula del esfuerzo de destruir de una vez y para siempre la deportiva teoría de justicia' que tanto mina la fe del pueblo en el sistema judicial". *Lluch v. España Service Sta.*, supra, pág. 743, citando a *Shell Co. (P.R.) Ltd. v. Tribl. de Distrito*, 73 DPR 451, 461 (1952).

Los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no deben intervenir con dicha discreción, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *Consejo de Titulares v. Triple S,* 2025 TSPR 82, 216 DPR ___ (2025); *Torres González v. Zaragoza Meléndez*, supra. Este criterio también concierne a la intervención de los foros apelativos con las determinaciones interlocutorias de los tribunales de primera instancia. *McNeil Healthcare v. Mun. de Las Piedras II*, 206 DPR 659, 672 (2021); *Meléndez v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000).

De la misma forma, en términos generales, el propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, Sec. 2802, págs. 333-334. Es por ello, que nuestro Máximo Foro Judicial ha reiterado que ***el alcance del descubrimiento de prueba es amplio y liberal***. *Consejo de Titulares v. Triple S,* supra; *Torres González v. Zaragoza Meléndez*, supra, *Cruz Flores v. Hospital Ryder Memorial Inc.* 210 DPR 465, 29 (2022). *McNeil Healthcare v. Mun. Las Piedras II,* supra; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 490

(2019); *Casasnovas et al. v. UBS Financial et al.,* 198 DPR 1040, 1054-55 (2017). (Énfasis suplido).

Ese alcance amplio y liberal claramente propende a que, mediante el buen uso del descubrimiento, se aceleren "los procedimientos, se propicien las transacciones y se eviten las sorpresas indeseables durante el juicio. *McNeil Healthcare v. Mun. Las Piedras II*, supra. De igual forma, el Tribunal Supremo de Puerto Rico ha expresado que **los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento**, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Consejo de Titulares v. Triple S,* supra; *Cruz Flores v. Hospital Ryder Memorial Inc.,* supra. (Énfasis suplido).

Uno de los instrumentos con los que cuentan las partes litigantes para delimitar las controversias del pleito, y con ello promover la solución expedita de los procedimientos, es el requerimiento de admisiones. *Rivera Prudencio v. Mun. de San Juan*, 170 DPR 149, 171 (2007)*; Audiovisual Lang v. Sist. Est. Natal Hnos.,* 144 DPR 563, 573-574 (1997). Este se encuentra regulado por la Regla 33 de las de Procedimiento Civil, *supra*, la cual dispone lo siguiente:

(a) *Requerimiento de admisión.* - A los efectos de la acción pendiente únicamente, una parte podrá requerir por escrito a cualquier otra parte que admita la veracidad de cualesquiera materias dentro del alcance de la Regla 23.1 contenidas en el requerimiento, que se relacionen con cuestiones de hechos u opiniones de hechos o con la aplicación de la Ley a los hechos, incluyendo la autenticidad de cualquier documento descrito en el requerimiento. Se notificarán copias de los documentos conjuntamente con el requerimiento, a menos que hayan sido entregadas o suministradas para inspección y copia. El requerimiento podrá notificarse, sin el permiso del tribunal, a la parte demandante luego de comenzado el pleito y a cualquier otra parte luego de haber transcurrido el término de los treinta

(30) días siguientes a la fecha de su emplazamiento. Si la parte demandada inicia cualquier tipo de descubrimiento dentro del referido plazo, dicha limitación no será de aplicación.

Cada materia sobre la cual se requiera una admisión deberá formularse por separado. Todas las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante una moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia. A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento. En este caso se debe apercibir a la parte demandada en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. Si se objeta el requerimiento de admisión, deberán hacerse constar las razones para ello.
[...]

Según expuesto, la norma impone que la parte interpelada conteste el requerimiento cursado bajo juramento, admitiendo o negando lo inquirido, en un término mandatorio de veinte (20) días. De incumplirse con dicho término, se tendrá por admitido el requerimiento, lo cual no requiere una orden judicial, relevando así a la parte adversa de tener que presentar prueba en el juicio sobre el particular. *Rivera Prudencio v. Mun. de San Juan*, supra, págs. 171 y 174. En el ejercicio de su discreción, el tribunal debe interpretar la mencionada regla de forma flexible para favorecer en los casos apropiados que el conflicto se dilucide en los méritos. *Audiovisual Lang v. Sist. Est. Natal Hnos.,* supra, págs. 573-574.

Ahora bien, es importante recalcar que las disposiciones de la Regla 33 de las de Procedimiento Civil, *supra*, son imprescindibles,

no meramente directivas, lo que implica que debe haber un cumplimiento sustancial con estas. No obstante, al aplicarla e interpretarla, no se puede permitir que consideraciones técnicas prevalezcan en detrimento de la justicia sustancial. Véase, Regla 1 de las de Procedimiento Civil, *supra.*

De otra parte, es menester apuntalar que los tribunales tienen el deber de asumir un rol activo desde el albor del pleito, por lo que es recomendable que en la etapa del descubrimiento de prueba también intervengan y lo encaucen con el objetivo de garantizar un proceso judicial justo, rápido y económico. *Lluch v. España Service Sta.,* supra, pág. 744. Así, los foros primarios gozan de amplia discreción para regular el descubrimiento de prueba, por lo que los foros apelativos no debemos intervenir con ella, salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. *McNeil Healthcare v. Mun. Las Piedras II*, supra, pág. 672; *Cruz Flores et al. v. Hosp. Ryder et al.*, supra, pág. 497.

**III.**

Colón Albino arguye que el TPI-Mayagüez erró al admitir automáticamente el requerimiento de admisiones cursado por Nazario Cintrón. Aduce que el Foro Primario actuó en contravención a los principios jurídicos que encausan la materia, y abusó de su discreción. Luego de evaluar la normativa aplicable, esta Curia concluye que a la peticionaria *le asiste la razón.*

El TPI-Mayagüez se valió de una interpretación inflexible del texto de la Regla 33 de las de Procedimiento Civil, *supra,* la cual dispone que pasado el plazo de veinte (20) días, o aquel que otorgue el Foro Primario, sin que la parte interpelada con un requerimiento de admisiones haga alegación responsiva, se podrán dar por admitidos los asuntos del mismo. Sin embargo, no podemos

soslayar el tratamiento liberal que nuestro Alto Foro ha prescrito para la evaluación de los asuntos de esta naturaleza.

Como vimos, en materia de descubrimiento de prueba, los Tribunales de Primera Instancia están obligados a ejercer su discreción promoviendo la ventilación rápida y efectiva de las controversias en sus méritos.

En el caso de autos, la parte interpelada, aquí peticionaria, contestó el requerimiento de admisiones *solo dos (2) días* luego de la prórroga que responsablemente solicitó y le fue concedida. Coincidimos con Colón Albino en su apreciación sobre la severidad de dar por admitido el requerimiento cursado por el recurrido. Máxime cuando al momento de así hacerlo, el Foro Primario ya contaba con la contestación de la peticionaria al mismo.

A esto añadimos que, al así proceder, el TPI-Mayagüez ha obstruido la resolución efectiva de la controversia de epígrafe entre las partes, en tan temprana etapa. Esto último, ya que, como reseñáramos previamente, el resultado de dar por admitido un requerimiento es que la persona interpelada con el mismo no podrá enfrentar con evidencia los hechos admitidos involuntariamente.

A la luz de lo esbozado, y ejerciendo la facultad revisora que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, optamos por intervenir, en esta etapa de los procedimientos, con el dictamen recurrido.

*Justipreciamos que de no hacerlo, podríamos convertirnos en copartícipes de un fracaso a la justicia*. En el espíritu que anima la ventilación expedita de los asuntos ante los tribunales, *revocamos*. Así, *devolvemos el asunto ante la consideración del TPI-Mayagüez,* para que evalúe la suficiencia de la contestación al requerimiento de admisiones cursado por la peticionaria, conforme a la Regla 33(a) de Procedimiento Civil, *supra*.

## III.

Por los fundamentos antes expuestos, *expedimos el auto discrecional, revocamos la determinación interlocutoria recurrida* para que el TPI-Mayagüez proceda conforme a lo aquí resuelto.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones